UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-104-H

ROBERT G. THRASHER                                                                   PLAINTIFF

V.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY                                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Robert G. Thrasher ("Plaintiff") seeks to remand his claim against Hartford Life and Accident Insurance Company ("Defendant") to Jefferson Circuit Court. Plaintiff brought this action in Jefferson Circuit Court in response to Defendant's actions denying benefits payable pursuant to the terms of an insurance policy under which Plaintiff was insured. Defendant removed to federal district court pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). Plaintiff contends that the required amount in controversy has not been met.

In its removal notice, Defendant alleges that if Plaintiff is disabled for the maximum duration of policy coverage, Plaintiff would receive benefits at the rate of $2,350/month until November 2018 – an amount that would easily satisfy the amount in controversy requirement. Plaintiff cites *Massachusetts Cas. Ins. Co. v. Harmon*, 88 F.3d 415 (6th Cir. 1996), which held:

> …*future potential benefits may not be taken into consideration* in the computation of the amount in controversy in diversity actions in Federal District Courts involving disability insurance where the controversy concerns merely the extent of the insurer's obligation with respect to disability benefits and not the validity of the policy.

*Id.* at 416-417.

Defendant argues that the Sixth Circuit's holding should not apply because the facts here

are different from those in *Harmon*, when the Sixth Circuit held that rescission of a contract required a court to consider future benefits as part of the amount in controversy. It did so to contrast with the general rule that future benefits should generally *not* be taken into account for diversity purposes. Indeed, *Harmon* has repeatedly been held to affirm this principle. *See Spawr v. Encompass Ins. Co.*, 2008 WL 4534411, *3 (W.D.Mich. 2008); *Brogan v. U.S. Specialty Ins. Co.*, 607 F.Supp.2d 833, 835 (W.D.Ky. 2009); *Francis v. Madison Nat. Life Ins. Co.*, 2009 WL 2390579, *5 (E.D.Mich. 2009); *Jones v. Life Ins. Co. of North America*, 746 F.Supp.2d 850, 853 (W.D.Ky. 2010). Here, Plaintiff is not seeking rescission of his contract with Defendant – he is seeking relief for breach of contract by Defendant. As such, under *Harmon* analysis, this Court should not consider future potential benefits toward satisfying the amount in controversy requirement.

Regardless, Defendant still argues that the amount is satisfied due to Plaintiff's demands for punitive damages and attorney's fees. Where damages are unspecified in a plaintiff's complaint, the defendant seeking removal has the burden of showing by a preponderance of evidence that its allegations as to amount are justified. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993); *Jones*, 746 F.Supp.2d at 852. This burden includes providing "competent proof" and "specific facts" that the amount in controversy is greater than the jurisdictional minimum. *Id*. Defendant offers no evidence for its claims other than its own averments. This showing is insufficient. See *McNutt*, 298 U.S. at 189; *Gafford*, 997 F.2d at 160.

The Court concludes, therefore, that Defendant has not met its burden of establishing its claims as to amount in controversy to justify removal to this Court, and that Plaintiff's request

2

for remand to state circuit court should be granted.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and this case is REMANDED to Jefferson Circuit Court.


cc: Counsel of Record & Jefferson Circuit Court